CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY RAY HALL,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:10-cv-00081 |
| v. | ) ) | **MEMORANDUM OPINION** |
| MS. HINKLES,<br>    Defendant. | ) ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Ms. Hinkle, the food service supervisor at the Augusta Correctional Center ("Jail"), as the sole defendant. Plaintiff alleges Ms. Hinkles will not rehire him for a kitchen job at the Jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint as frivolous.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff worked at the Jail's kitchen from March to October 2009. Plaintiff stopped working in October because of medical concerns. The Jail doctor later approved plaintiff to return to work. Plaintiff wanted his old kitchen job back. Ms. Hinkles first claimed that plaintiff never worked in the kitchen but later said plaintiff worked poorly. Ms. Hinkles lied because other witnesses say plaintiff is a good worker. Ms. Hinkles would not rehire plaintiff although the Jail doctor cleared plaintiff as eligible to work. However, she later relented and told plaintiff to file an application to work in the kitchen. Plaintiff does not believe Ms. Hinkles plans on hiring plaintiff because other offenders are higher on the eligibility list than plaintiff, even though those offenders arrived at the Jail after plaintiff. Plaintiff requests as relief Ms. Hinkles' job title for false information.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Inmates have no constitutional right to job opportunities while incarcerated. See, e.g., Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980). Because inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles. Courts of Appeals consistently hold that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (opining that inmates have no constitutional

right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Altizer v. Paderick, 569 F.2d 812, 812 (4th Cir. 1978) (classifications and work assignments of prisoners in penal institutions are matters of prison administration); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection). Therefore, plaintiff pursues a meritless legal theory to impose § 1983 liability about his attempts to be rehired as kitchen worker at the Jail. Accordingly, the court dismisses the complaint as frivolous.

### III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 15th day of March, 2010.

*/s/ James C. Turk*
Senior United States District Judge